IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD WEBB, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:08-CV-146-Y | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Edward Webb, TDCJ #241458, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the TDCJ.

### C. FACTUAL AND PROCEDURAL HISTORY

Webb is serving a 99-year sentence in TDCJ pursuant to his 1973 conviction for murder with malice. He is also serving a life sentence pursuant to his 1974 conviction for aggravated robbery,

ordered to be served consecutively to his 99-year sentence. (Resp't Answer, Exhibit A) By way of this petition, Webb contends he has discharged his 99-year sentence and his continued incarceration on the sentence violates his constitutional rights. (Petition at 7) Webb pursued administrative time credit dispute resolution to no avail from June 4, 2007, through March 17, 2008. (Resp't Answer, Exhibit A) He also pursued state habeas relief to no avail from January 11, 2008, through February 6, 2008. *Ex parte Webb*, Application No. WR-1,482-06, at cover. Webb filed this federal petition for writ of habeas corpus on March 3, 2008.[1] Quarterman has filed an answer asserting Webb's petition is time-barred or, in the alternative, without merit.

## D. STATUE OF LIMITATIONS

Quarterman asserts Webb's petition is untimely under the federal statute of limitations. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1]Typically, a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). However, Webb does not indicate the date he placed the petition in the prison mailing system. Thus, he is not afforded the benefit of the so-called mailbox rule, and his petition is considered filed on the date the clerk of Court received the petition for filing.

2

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

  Under subsection (D), applicable to this case, the limitations period began to run on the date Webb could have discovered, through the exercise of due diligence, the factual predicate of his claims. Webb asserts that he became aware that he had discharged his 99-year sentence on October 3, 2006, when he received a copy of his disciplinary records indicating he had total time credits toward the sentence of 99 years, 4 months, and 15 days. (Pet'r Mtn in Objection at 3 & Exhibit 5) Thus, assuming, without deciding, Webb could not have discovered this fact sooner, the federal statute of limitations began on Webb's claim on October 3, 2006, and closed one year later on October 3, 2007, subject to any applicable tolling. Allowing for tolling during the pendency of Webb's administrative and state habeas proceedings, his petition is timely.

### E. Discussion

  A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442

U.S. 1, 7 (1979). Therefore, if a right exists, it necessarily arises under state law.

As set forth in the affidavit of Charley Valdez, Program Specialist III of TDCJ's Classification and Records: "Prior to 1987, sentences were aggregated according to statute. Article 6181-1, V.T.C.S., Sec. 1(4) Defining 'term' provided: "When two or more sentences are to be served consecutively and not concurrently, the aggregate of the sentences shall be considered the term for purposes of this Article." Thus, it is permissible, under Texas law, to calculate Webb's sentences as one life sentence.

Webb has not demonstrated a violation of a federal constitutional right and is not entitled to federal habeas relief.

## II. RECOMMENDATION

It is recommended that Webb's petition for writ of habeas corpus be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 23, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 23, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 19, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE