IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

EDWARD WEBB, §
 §
VS. § CIVIL ACTION NO.4:08-CV-146-Y
 §
NATHANIEL QUARTERMAN, Director, §
T.D.C.J., Correctional §
Institutions Division, §
    Respondent. §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
(With special instructions to the clerk of Court)

In this action brought by petitioner Edward Webb under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 19, 2008;

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 9, 2009.

4. The respondent's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 23, 2009.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, that the Respondent's objections must be overruled, and that the petition for writ of habeas corpus should be denied, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

The Court notes that in this case, Webb challenges his continued incarceration on a 99 year sentence, claiming that with proper time credits, his sentence has ben discharged. Webb pursued state mandated administrative remedies under Texas Government Code § 501.0081 before he filed a state application for writ of habeas corpus. The magistrate judge concluded that this action is timely, allowing for tolling of the administrative proceedings. Respondent objects. But Section 501.0081 of the Texas Government Code provides that an inmate challenging an error in time credit, subject to exceptions, must first submit his complaint to the Texas Department of Criminal Justice.[1] The respondent has previously taken the position in this Court that an inmate asserting a lost time-credit challenge in a petition under 28 U.S.C. § 2254 must first exhaust this administrative process before raising such claim in federal court.[2] This Court, and other courts of this circuit, have noted that the time taken to pursue prison administrative procedures challenging lost time credit would toll the § 2244(d) one-year limitation period.[3] Thus, Respondent's objections are overruled for

---

[1] Tex. Gov't.Code Ann. §§ 501.0081(a-c)(Vernon 2004).

[2] The Court takes judicial notice of its own records in *Bell v. Cockrell*, No.4:00-CV-1703-Y, 2001 WL 1032315, at * *1-2 (N.D.Tex. Aug. 28, 2001).

[3] *See Goodall v. Cockrell*, No.4:01-CV-929-Y, 2002 WL 1896976, *1 n. 6 (N.D.Tex. Aug. 14, 2002)("it would be illogical not to afford the inmate equitable tolling for the time it takes to complete a state-mandated administrative review process that by necessity will coincide and overlap with the running of that one year [limitation period]"); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 364(5th Cir.2002)(noting with regard to claim arising from disciplinary proceeding resulting in loss of several thousand days of good time credit, that "the timely pendency of prison grievance procedures would have tolled the one year period"); *Hunter v. Quarterman,* No. 4:06-CV- 342-A, 2006 WL 2914162, at *5 (N.D.Tex. Oct. 11, 2006)(rejecting objections similar to those raised in this case, and noting "[i]t would make no sense to require an inmate

this additional reason.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Edward Webb's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

SIGNED January 30, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

to use the prison's administrative procedures, but refuse to toll the limitations period on a habeas petition for the same claim"); *Foley v. Cockrell*, 222 F.Supp.2d 826, 829 (N.D.Tex. Sep. 23, 2002)("[b]ecause exhaustion of administrative grievance procedures is required, Petitioner is entitled to equitable tolling of the statute of limitations until the date that he completed the TDCJ administrative review process").